UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
CHARLES ALTMAN,

                Plaintiff,

      -against-                                  22-cv-0732 (LAK)

RICHARD S. DIPRETA, et ano.,

                Defendants.
------------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge*.

        The original complaint in this case purported to invoke federal jurisdiction under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure.

        By order dated January 31, 2022, the Court noted that the complaint failed adequately to allege subject matter jurisdiction because neither 28 U.S.C. § 2201 nor Rule 57 confers jurisdiction on the district courts. It observed also that jurisdiction could not be sustained on the basis of diversity of citizenship because the complaint failed adequately to allege the citizenship of one or more natural persons and the citizenship of one or more partnerships, in each instance citing relevant cases the reading of which would have alerted counsel to what was required if counsel sought to invoke jurisdiction on the basis of diversity. The order stated that the action would be dismissed absent the filing by February 10 of an amended complaint adequately alleging the existence of subject matter jurisdiction.

        Plaintiff timely filed an amended complaint. It continues to invoke subject matter jurisdiction solely on the basis of 28 U.S.C. 2201 and Rule 57. As previously held, that assertion is frivolous.

        Under the heading "Parties," the amended complaint asserts that plaintiff is domiciled in and a resident of New York (although he does not allege that he is a citizen). It asserts that defendant Richard S. DiPreta is a resident of Connecticut though neither that he is domiciled in nor a citizen of that state. And it asserts that defendant DiPreta Law Firm is a limited liability partnership, the only members of which are Mr. DiPreta and his wife Cynthia. There are no allegations concerning the residency, citizenship or domicile of Mrs. DiPreta.

        In all the circumstances, the amended complaint fails adequately to allege the existence of federal subject matter jurisdiction on any basis. There is no federal question jurisdiction because the

claim does not arise under federal law.  Diversity jurisdiction is lacking because plaintiff does not adequately allege the citizenship of any of the parties except perhaps the plaintiff, and even that is questionable.  So plaintiff has not sufficiently alleged the existence of complete diversity of citizenship. Moreover, the defects would have been readily apparent to the plaintiff had he carefully read the authorities the Court cited in its January 31, 2022 order.  Accordingly, the amended complaint is dismissed for lack of subject matter jurisdiction.  The Clerk shall close the case.

SO ORDERED.

Dated:   February 23, 2022

_____
Lewis A. Kaplan
United States District Judge